**SOBOL v. BROMLEY et al.**

No. 4661.

United States Court of Appeals Tenth Circuit.

Sept. 30, 1953.

See also 101 F.Supp. 116.

Harry Sobol, pro se.

Robert D. Charlton, Denver, Colo. (Kenneth W. Robinson, Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PER CURIAM.

Charles D. Bromley, as trustee in bankruptcy of the estate of Harry Sobol, individually, Harry Sobol, doing business as Gross Finance Company, and Harry Sobol, as the liquidating partner of Drive-In Finance Company, a dissolved partnership composed of Harry Sobol and Howard J. Sobol, instituted this action to recover assets allegedly belonging to the bankrupt's estate. The action was brought against Harry Sobol, Chester Sobol, M. B. Sobol and Broadway Industrial Bank, a corporation. Judgment was entered against the bank for $155,000 and interest and so far as material against all defendants for costs to be assessed.

This appeal challenges the correctness of the trial court's ruling refusing to sustain appellant's motion to dismiss as to him for failure to state a cause of action as against him. It is asserted that appellant was not an indispensable, necessary or proper party defendant and should, therefore, have been dismissed from the case.

Under the allegations of the complaint, appellant was properly made a party. The complaint alleged that after the formation of the Broadway Industrial Bank and the transfer to it of the assets of the Gross Finance Company, sought to be recovered in the action, the "said Sobols [1] continued in possession of said Broadway Industrial Bank and the assets received from said Gross Finance Company * * *." The prayer of the complaint likewise asked judgment, directing "the defendants, and each and all of them, to deliver forthwith to the plaintiff all property, money and assets held by the Broadway Industrial Bank, to be administered as part of the estate of the

1. Including appellant.

.. 

bankrupt; * * *." These allegations made appellant a proper party to the action. Had they been established, judgment would have been properly entered against him. The fact that ultimately no judgment was rendered against him did not make him an improper party defendant, entitled to be dismissed from the action. In view of this, it is not necessary to explore the other issues tendered in the appeal.

Affirmed.